```
          UNITED STATES DISTRICT COURT
             DISTRICT OF MINNESOTA
         Criminal No. 13-004(3)(DSD/JSM)
```

United States of America,

       Plaintiff,

v.                                        **ORDER**

Fabio Adolfo Medal Lopez,

       Defendant.

This matter is before the court upon the pro se motion by defendant Fabio Adolfo Medal Lopez to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

On April 18, 2013, Lopez pleaded guilty to conspiracy to distribute methamphetamine and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The court sentenced Lopez to 120 months' imprisonment, which reflected a variance from his guideline range of 135-168 months.

In May 2015, Lopez filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The court granted the motion and applied a two-level reduction to his base offense level, which resulted in an amended guideline range of 108-135 months. The

court then reduced his sentence to 108 months. Lopez did not appeal.

On July 18, 2016, Lopez filed the instant motion, arguing that his counsel was constitutionally ineffective because she did not ask the court to further reduce his sentence commensurate with the variance he received at the time of his original sentence. The government opposes the motion.

## DISCUSSION

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required.

**I.  Procedural Default**

As a threshold matter, the court finds that Lopez procedurally defaulted his claim by not appealing his sentence reduction. Where, as here, a defendant has "procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." Bousley v. United States, 523 U.S. 614, 622 (1998).  Lopez does not claim that he is innocent, nor does he provide any basis to conclude that "cause and actual prejudice" is present here.  As a result, Lopez is barred from raising his claim.

**II. Ineffective Assistance of Counsel**

Even if not barred, Lopez's motion lacks merit.  To show that he received ineffective assistance of counsel, he must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984). See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009).  First, Lopez must show that his counsel's performance was so deficient that it was objectively unreasonable. Strickland, 466 U.S. at 687-88.  Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference.  Id. at 689.  There is a "strong presumption that counsel's conduct falls within the wide range of

3

reasonable professional assistance." Id.  Second, Lopez must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Id. at 694.

Neither prong is met here.  Indeed, counsel's request for a sentence at the bottom of the amended guideline range was consistent with the law.  The guidelines foreclose sentence reductions below the amended guideline range unless the defendant provided substantial assistance to the government. United States v. McKoy, 485 Fed. Appx. 852-53 (8th Cir. 2012); see also U.S.S.G. § 1B1.10(b)(2)(A) and (B).  Because Lopez did not provide substantial assistance, he received the maximum allowable sentence reduction.  His counsel did not err in failing to advocate for a lower sentence.

**III. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  As discussed, the court is firmly convinced that Lopez's claim is baseless, and that reasonable jurists could not differ on the results given the nature of defendant's arguments.

A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 169] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: August 2, 2016

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court